616 So.2d 1079 (1993)
KNIGHT ENERGY SERVICES, INC., a Florida corporation, Appellant/Cross-Appellee,
v.
C.R. INTERNATIONAL ENTERPRISES, INC., Appellee/Cross-Appellant.
No. 90-2619.
District Court of Appeal of Florida, Fourth District.
April 7, 1993.
*1080 Russell S. Bohn of Edna L. Caruso, P.A., and Jack Scarola of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellant/cross-appellee.
Eliot R. Weitzmen, Miami, and David M. Garvin of Weinstein & Garvin, P.A., Miami, for appellee/cross-appellant.
PER CURIAM.
Defendant Knight Energy has appealed the trial court's decision denying a motion for a new trial on damages for breach of the written contract. Plaintiff has filed a cross-appeal challenging the trial court's decision to grant Defendant's motion for judgment in accordance with the motion for directed verdict as to the breach of an alleged oral contract.
We affirm the trial court's decision regarding the oral contract. We also agree with the trial court that Plaintiff has presented sufficient proof to establish his lost profits claim with regard to the breach of the written contract. The nonbreaching party seeking lost profits is entitled to the contract price less any deduction for costs and expenses necessary to fully perform. Adams v. Dreyfus Interstate Development, 352 So.2d 76 (Fla. 4th DCA 1977). Here although the damage award is comprised in large part by totalling the contract price, Plaintiff testified unequivocally that there were no deductible costs or expenses necessary to fully perform this contract.
Q. Do you remember Mr. Morrow's calculations of ten percent of overhead as being an estimate of what the overhead runs?
A. [Yes].
Q. Did you agree with that number?
A. It's a very good estimate.
Q. So coming back to these calculations of the $91,000 with ten percent overhead that [defense counsel] was just referring to, would that apply also?
A. On that point, no.
Q. Could you explain why not.
A. It is already included in our profits at that point.
Q. Well, what I'm asking you is how would that affect your $90,000? Would it lower it another ten percent?
A. No.
Q. Could you explain why?
A. Well, like I tried to explain to [defense counsel], our business already has a fixed overhead in it no matter if that person is already there, or if you're talking, make [sic] a telephone call to order something, it's no extra. You're already paying that person's salary. The phone bill is already being paid. So there is no additional costs being associated with it.
Defense counsel questioned Plaintiff thoroughly in an effort to demonstrate that some overhead expense must have been required to perform this contract. The jury accepted Plaintiff's testimony and awarded the $91,000 requested. We are *1081 not in a position to state that no reasonable juror could return the verdict as awarded.
AFFIRMED.
ANSTEAD and FARMER, JJ., concur.
POLEN, J., concurs in result only.