PER CURIAM.
This appeal stems from a case that proceeded to trial on the matter of damages alone after the defendant’s answer was stricken as a sanction for discovery misconduct. The defendant challenges both the trial court’s decision to strike his answer and the damages award. We find merit in the defendant’s claim that the striking of his pleadings was an abuse of discretion under the circumstances of this case and reverse the order appealed.
The striking of a party’s pleadings as a sanction for discovery misconduct is authorized pursuant to Florida Rule of Civil Procedure 1.380. The striking of pleadings, though, is “the most severe of penalties and must be employed only in extreme circumstances.” Poling v. Palm Coast Abstract & Title, Inc., 882 So.2d 483, 486 (Fla. 5th DCA 2004) (citing Mercer v. Raine, 443 So.2d 944 (Fla.1983)). The striking of a party’s pleadings is justified only where there is “ ‘a deliberate and contumacious disregard of the court’s authority.’ ” Barnett v. Barnett, 718 So.2d 302, 304 (Fla. 2d DCA 1998) (quoting Mercer, 443 So.2d at 946). In assessing whether the striking of a party’s pleadings is warranted, courts are to look to the following factors:
*80 1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993). The emphasis should be on the prejudice suffered by the opposing party. See Ham v. Dunmire, 891 So.2d 492, 502 (Fla.2004); Owens v. Howard, 662 So.2d 1325, 1327 (Fla. 2d DCA 1995) (stating that “[t]his court has refused to approve of the dismissal of a cause of action as a sanction for discovery violations when the appellee had not shown prejudice”). After considering these factors, if a sanction less severe than the striking of a party’s pleadings is “a viable alternative,” then the trial court should utilize such alternatives. Kozel, 629 So.2d at 818. “The purpose of the Florida Rules of Civil Procedure is to encourage the orderly movement of litigation” and “[t]his purpose usually can be accomplished by the imposition of a sanction that is less harsh than dismissal” or the striking of a party’s pleadings. Id.
In this case, the lawsuit against the defendant was based upon his alleged breach of non-compete and independent contractor’s agreements by starting his own fundraising business. While there were other discovery skirmishes, some of which resulted in the entry of orders to compel against the defendant, the striking of the defendant’s answer was precipitated by his failure to timely provide the names and addresses of the employees of his new company. By the time of the hearing on the motion for sanctions, though, these employees had been deposed by the plaintiff. Having reviewed the record and the discovery conduct, we hold that the striking of the defendant’s answer was simply too harsh a sanction. We therefore reverse the order appealed and remand for a new trial on the issues of liability and damages. As a consequence of our holding on this issue, it is unnecessary for us to address the defendant’s challenges to the damages award.[1]

Reversed and Remanded.

STEVENSON, C.J., HAZOURI and MAY, JJ., concur.

. As the matter is to be retried, however, we note that lost profits damages must not be speculative and must account for or deduct the expenses of the business. See Born v. Goldstein, 450 So.2d 262, 264 (Fla. 5th DCA 1984); see also RKR Motors, Inc. v. Associated Unif. Rental Linen Supply, Inc., 31 Fla. L. Weekly D2646, - So.2d -, 2006 WL 3019582 (Fla. 3d DCA Oct. 25, 2006); Boca Developers, Inc. v. Fine Decorators, Inc., 862 So.2d 803 (Fla. 4th DCA 2003); Knight Energy Servs., Inc. v. C.R. Int’l Enters., Inc., 616 So.2d 1079 (Fla. 4th DCA 1993).