HAZOURI, J.
 

 Southern Cross Yachts International Tnc., and Arthur Cook, appeal from a final judgment in favor of Custom Marine Distributing Inc., and Marine Yacht Specialties, Inc. The final judgment was rendered against the appellants as a result of their answer being stricken as a sanction for discovery misconduct. We reverse.
 

 Pursuant to Florida Rule of Civil Procedure 1.380, the striking of a party’s pleadings as a sanction for discovery misconduct is authorized. “The striking of pleadings, though, is ‘the most severe of penalties and must be employed only in extreme circumstances.’ ”
 
 Fisher v. Prof'l Adver. Dirs. Co., Inc.,
 
 955 So.2d 78, 79 (Fla. 4th DCA 2007) (quoting
 
 Poling v. Palm Coast Abstract & Title, Inc.,
 
 882 So.2d 483, 486 (Fla. 5th DCA 2004) (citing
 
 Mercer v. Raine,
 
 443 So.2d 944 (Fla.1983))). This court further found in
 
 Fisher:
 

 The striking of a party’s pleadings is justified only where there is “ ‘a deliberate and contumacious disregard of the court’s authority.’ ”
 
 Barnett v. Barnett,
 
 718 So.2d 302, 304 (Fla. 2d DCA 1998) (quoting
 
 Mercer,
 
 443 So.2d at 946). In assessing whether the striking of a party’s pleadings is warranted, courts are to look to the following factors:
 
 *463
 
 1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for the noncompliance; and 6) whether the delay created significant problems of judicial administration.
 

 Kozel v. Ostendorf,
 
 629 So.2d 817, 818 (Fla.1993). The emphasis should be on the prejudice suffered by the opposing party.
 
 See Ham v. Dunmire,
 
 891 So.2d 492, 502 (Fla.2004); [citation omitted]. After considering these factors, if a sanction less severe than the striking of a party’s pleadings is “a viable alternative,” then the trial coiut should utilize such alternatives.
 
 Kozel,
 
 629 So.2d at 818. “The purpose of the Florida Rules of Civil Procedure is to encourage the orderly movement of litigation” and “[t]his purpose usually can be accomplished by the imposition of a sanction that is less harsh than dismissal” or the striking of a party’s pleadings.
 
 Id.
 

 Fisher,
 
 955 So.2d at 79-80.
 

 There is nothing in the trial court’s order to indicate these factors were considered. Therefore, the failure to make the required findings in the order requires reversal.
 
 See Bank One, N.A. v. Harrod,
 
 873 So.2d 519, 521 (Fla. 4th DCA 2004) (citing
 
 Fla. Nat’l Org. for Women v. State,
 
 832 So.2d 911, 914 (Fla. 1st DCA 2002));
 
 see also Carr v. Reese,
 
 788 So.2d 1067, 1072 (Fla. 2d DCA 2001) (holding that trial court’s failure to consider all of the factors as shown by final order requires reversal). We reverse and remand and direct the trial court to enter an order based on the factors outlined in
 
 Kozel,
 
 to support the striking of the appellants’ pleadings, or, absent that, the trial court should vacate the final judgment. We do not preclude the trial court from imposing a lesser sanction than striking of the pleadings should it determine a lesser sanction to be more appropriate.
 

 Reversed and Remanded with Directions.
 

 MAY and DAMOORGIAN, JJ., concur.