GERBER, J.
 

 The defendant appeals a final judgment for damages after a jury trial. The defendant alleges that the trial court erred in denying its motion for relief from an earlier order striking its pleadings. We conclude that the defendant met its burden of proving that its corporate representatives lacked notice of the events which led to the order striking its pleadings. Therefore, we reverse.
 

 The plaintiff sued the defendant for conversion, fraud in the inducement, and violation of Florida’s Deceptive and Unfair Trade Practices Act. The defendant retained counsel and filed an answer generally denying the plaintiffs allegations. The defendant also filed a counterclaim for unjust enrichment.
 

 On January 14, 2008, the defendant’s counsel moved to withdraw. Counsel’s certificate of service indicates that he mailed copies of his motion to the defendant at a Miami post office box address and to the defendant’s corporate representatives at an Annapolis, Maryland street address.
 

 On January 23, 2008, the trial court entered an order granting the motion to withdraw. The order directed the defendant to retain new counsel within thirty days. The order further directed the plaintiff to send all future pleadings and correspondence to the defendant at its corporate representatives’ Annapolis address. The order did not mention the defendant’s Miami post office box address.
 

 On January 28, 2008, the plaintiff mailed interrogatories to the defendant. When the defendant did not respond, the plaintiff filed an ex parte motion to compel. The court entered an order granting the motion and directing the defendant to answer the interrogatories within ten days. When the defendant did not do so, the plaintiff filed a motion for contempt. The court entered an order granting that motion and again directed the defendant to answer the interrogatories within ten days. The defendant did not do so. The plaintiff then mailed one of the defendant’s corporate representatives a notice to appear for the taking of his deposition. The corporate representative did not appear. The plaintiff then filed another motion for contempt. On May 2, 2008, the court entered an order granting that motion and striking the defendant’s pleadings. All of the foregoing notices, motions, and orders were mailed to the defendant at its corporate representatives’ Annapolis address only.
 

 On May 16, 2008, the defendant, through new counsel, filed a motion for relief from
 
 *884
 
 the order striking its pleadings. The defendant brought its motion pursuant to Florida Rule of Civil Procedure 1.540(b) (2008), which provides that “[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, decree, order, or proceeding” due to, among other reasons, “excusable neglect.” In the motion, the defendant alleged it was not aware that it was being served with documents sent to the Annapolis address; it was never forwarded any mail from the Annapolis address; it did not have any contact with the Annapolis address when the documents were being sent there; and it only retained new counsel when months passed without hearing from its prior counsel. The defendant later supported these allegations with affidavits from its corporate representatives. Based on the foregoing, the defendant requested the court to reconsider the striking of its pleadings.
 

 The plaintiff opposed the motion with the affidavit of the defendant’s prior counsel. In the affidavit, counsel stated that he obtained the Annapolis address from the business card of one of the defendant’s corporate representatives. He further stated that he used that address for all of his written communications with the defendant.
 

 The court held an evidentiary hearing on the motion. The defendant’s corporate representatives testified that they lived in Costa Rica. They further testified that the Annapolis address was a May-to-October storefront for the company’s inflatable boat business; they did not provide their prior counsel with a business card showing the Annapolis address; they never asked their prior counsel to send correspondence to the Annapolis address; none of the mail sent to the Annapolis address was forwarded to them; and they advised their prior counsel to forward their company’s mail to the Miami post office box. They also testified that they did not have any notice of what was happening in the case until they hired new counsel in late April. In May, they went to the Annapolis address and found the papers piled there. They further testified that since discovering the papers, they had complied with the plaintiffs written discovery and had traveled from Costa Rica to appear for depositions in Florida. During cross-examination, the corporate representatives testified that the State of Maryland’s corporate records showed their company as being located at the Annapolis address. They also testified that they maintained Maryland driver’s licenses showing the Annapolis address as their address.
 

 The court orally denied the defendant’s motion for relief as follows:
 

 I agree with all of the law that has been provided on behalf of the [defendant]. It is the application in this particular case. In this case ... the [corporate representatives] know [sic] that they no longer had a lawyer, and
 
 I am going to accept they did not ... physically receive the papers. I will make that as a finding of fact,
 
 but there has to be some affirmative responsibility on the part of the litigant.
 

 My observations are that all legal documents were sent to the [Annapolis] address before [prior counsel] withdrew.
 
 The [prior counsel’s] affidavit indicates the only address he had was the [Annapolis] address.
 
 Documents were sent afterwards to the very same [Annapolis] address.
 

 The corporate records of Maryland indicate the [Annapolis] address.
 

 The driver’s license of each of the [corporate representatives] indicates the [Annapolis] address.
 

 Having reviewed the case law that was provided in the defendant's] memo
 
 *885
 
 randum, which I agree with, there has to be a deliberate act.
 
 In this case the deliberate act I am finding is the defendants] failure to provide an address of their choosing, because the plaintiff and the Court, in fact, had the only address that the defendants had provided to the system. There is no indication that the defendants provided any other information into the system.
 

 ... So
 
 putting it all together,
 
 I find that the [defendant] failed to meet a responsibility which I find was not a burdensome one; namely, just to even put in a notice of change of address, notice of a current address into the Court process
 
 .... In this case none of those things were done, so for those reasons respectfully the motion ... will be denied.
 

 (emphasis added).
 

 The case proceeded to a jury trial, during which the defendant’s pleadings remained stricken. The jury rendered a verdict for the plaintiff. The court thereafter entered a final judgment in favor of the plaintiff and against the defendant.
 

 The defendant then filed this appeal, arguing that the court erred in denying its motion for relief from the earlier order striking its pleadings because it proved excusable neglect. We review the order denying the defendant’s motion for relief for an abuse of discretion.
 
 See Taylor v. Vitetta,
 
 8 So.3d 1216, 1217 (Fla. 4th DCA 2009) (“This court reviews an order denying a motion to vacate pursuant to an abuse of discretion standard.”).
 

 We agree with the defendant that it met its burden of proving excusable neglect. “Excusable neglect requires a showing of both a legal excuse for failing to comply with the Florida Rules of Civil Procedure and a meritorious defense.”
 
 DiSarrio v. Mills,
 
 711 So.2d 1355, 1356 (Fla. 2d DCA 1998). Here, the issue is whether the defendant showed a legal excuse. We conclude that the defendant showed the legal excuse of lack of notice. Contrary to the defendant’s prior counsel’s affidavit upon which the trial court relied in its findings of fact, the defendant’s corporate representatives obviously provided their prior counsel with their Miami post office box address because counsel included that address in the certificate of service in his motion to withdraw. However, the defendant’s prior counsel and the court failed to include the Miami post office box address in the service list in the order granting the motion to withdraw. From that point forward, the plaintiff and the court continued to exclude the Miami post office box address from the service list on all further notices, motions, and orders.
 

 The circuit court, after reviewing the corporate representatives’ affidavits and testimony, recognized that fact and found that “they did not ... physically receive the papers.” Yet the court then found that the defendant’s corporate representatives deliberately “fail[ed] to provide an address of their choosing” to the plaintiff and the court. That logic is flawed. If the defendant’s corporate representatives did not receive the notices, motions, and orders, then they could not have known that they needed to provide the correct address to the plaintiff and the court. Thus, reversal is required.
 
 See, e.g., Taylor v. Bowles,
 
 570 So.2d 1093, 1093 (Fla. 4th DCA 1990) (reversing the denial of the defendant’s motion for relief from final judgment where, after counsel’s withdrawal, mail regarding the case was sent to the defendant’s old office address and he never received notice of the pending trial).
 

 Even if the defendant had not shown excusable neglect, the court still erred in denying the defendant’s motion for relief from the earlier order striking
 
 *886
 
 the defendant’s pleadings. “The striking of pleadings ... is ‘the most severe of penalties and must be employed only in extreme circumstances.’ ”
 
 Cook v. Custom Marine Distrib., Inc.,
 
 29 So.3d 462, 462 (Fla. 4th DCA 2010) (citations omitted). “[I]f a sanction less severe than the striking of a party’s pleadings is ‘a viable alternative,’ then the trial court should utilize such [an alternative].”
 
 Id.
 
 at 463 (citations omitted). Here, by the time that the court conducted the evidentiary hearing on the defendant’s motion for relief, the defendant had complied with the plaintiffs written discovery and its corporate representatives had traveled from Costa Rica to appear for depositions in Florida. As a result, the defendant cured any substantive prejudice which the plaintiff experienced in preparing for trial. The only remaining prejudice which the plaintiff incurred was the cost of pursuing its motions to compel and for contempt and seeking to defeat the defendant’s motion for relief. A more viable alternative at the time of the evidentiary hearing would have been to enter an order requiring the defendant to pay those costs as a final condition of reinstating the pleadings.
 

 Based on the foregoing, we reverse and remand for the circuit court to vacate the final judgment, reinstate the defendant’s pleadings, and reset the case for jury trial.
 

 Reversed and remanded.
 

 STEVENSON and TAYLOR, JJ., concur.