PER CURIAM.
Seven years after the trial court entered an amended final judgment of dissolution of marriage upon default, the former husband filed a motion for relief from final judgment, claiming the final judgment was void because he did not receive notice of the hearing on default final judgment. After an evidentiary hearing, the trial court set aside the default final judgment with the exception of the portion of the judgment dissolving the marriage. Because there was not competent, substantial evidence to overcome the presumption of delivery that was raised by the certificate of service on the notice of hearing, we reverse the trial court’s order setting aside the default final judgment.
At the hearing on the motion, the evidence revealed the following: The former husband was personally served with the amended petition for dissolution of marriage. The former wife filed a motion for default. A hearing was set and a default was entered by the trial court. A hearing was set for final judgment upon default, and a final judgment was entered. Subsequently, the court entered an amended final judgment. The former husband admitted that the address on the certificates of service on the motion for default, the notice of hearing on the motion, and the notice of hearing for final judgment upon default was his correct mailing address. The former husband offered no explanation for his claim that he did not receive any mail related to his divorce, but received bills and other mail not related to his divorce. He could not explain why mail from various sources, including the former wife’s attorney, a. magistrate, a guardian ad litem, and the judge’s office, failed to reach his mail box. Further, the former husband testified that he did not know about the final judgment until he was arrested in 2009 for not paying child support. However, in 2004, eighteen months after the amended final judgment was entered, the former husband was served with the former wife’s petition for modification of the final judgment via substitute service upon a relative living at the former husband’s mailing address.
The standard of review of an order setting aside a default judgment is gross abuse of discretion. Halpern v. Houser, 949 So.2d 1155 (Fla. 4th DCA 2007). A certificate of service raises a presumption of delivery. W.T. Holding, Inc. v. State, Agency for Health Care Admin., 682 So.2d 1224 (Fla. 4th DCA 1996). A denial of receipt does not automatically overcome the presumption and an eviden-tiary hearing is necessary. Camerota v. Kaufman, 666 So.2d 1042 (Fla. 4th DCA 1996).
*1026 As the record does not contain competent, substantial evidence that the former husband did not receive notice, the trial court’s order setting aside the default final judgment was a gross abuse of discretion. The order is reversed, and we direct the trial court to reinstate the amended final judgment.

Reversed and remanded.

STEVENSON, HAZOURI and DAMOORGIAN, JJ., concur.