PER CURIAM.
Siobhan Tobin, the wife, appeals a final judgment of dissolution of marriage entered after the trial court struck her pleadings for refusing to comply with certain discovery orders and failing to attend a court-ordered video deposition. We reverse, because the trial court erred by striking the wife’s pleadings and entering a final judgment without affording the wife an opportunity to be heard and offer mitigating or extenuating evidence.
John Tobin, the husband, was arrested and charged with aggravated assault for allegedly threatening his wife with a wine bottle. The wife obtained a Temporary Injunction for Protection Against Domestic Violence and later an Agreed Permanent Injunction Against Domestic Violence. Shortly thereafter, the wife left Florida and relocated to another state. The husband filed a petition for dissolution of marriage. After filing his petition, he served the wife with the standard family law interrogatories. She failed to timely comply with the request, and the trial court compelled her to respond to the interrogatories. The wife requested a protective order allowing her to omit her current home and work address from the interrogatories. As grounds, she asserted that she feared further abuse from her husband if she disclosed this information. As to the other requested information, she indicated her willingness to comply.
The trial court denied the wife’s motion, but immediately thereafter, counsel for the wife ore tenus moved to have the husband’s counsel barred from providing the husband with the wife’s current home or work address. Counsel for the husband agreed not to provide his client with the wife’s current home address but argued that his client needed access to his wife’s current work address. The trial court entered an agreed order as to the wife’s current home address but denied the ore *895 terms request to have her work address omitted.
When the wife failed to respond to the husband’s standard interrogatories, the trial court held another hearing and warned the wife that her pleadings would be stricken and a default entered against her if she failed to comply with the discovery request. The trial court also ordered the wife to attend a video deposition scheduled to take place in Washington D.C. Counsel for the husband would attend the deposition telephonieally from his office in West Palm Beach. The husband would not be attending the deposition.
Minutes after the trial court’s deadline for complying with its discovery orders, counsel for the wife provided the husband with a partial response to his interrogatories. She still refused to provide her current home or work address. The wife also failed to attend the deposition after learning that her husband could be aware of the location where she would be appearing.
The trial court held a hearing on the husband’s Motion to Strike Wife’s Pleadings Based on Wife’s Refusal to Comply with Order on Husband’s Motion for Contempt, and Wife’s Refusal to Attend Court Ordered Deposition. Counsel for the wife asked the trial court not to strike the wife’s pleadings without first conducting an evidentiary hearing. She argued that her client “for lack of a better way to put it, [suffers from] extreme paranoia she claims as a result of the domestic violence she suffered.” The trial court denied her request for a hearing and granted the husband’s motion to strike the wife’s pleadings, stating: “The Wife acted and continues to act in a deliberate, willful, and contumacious manner, whereby she continues to act in defiance and disobedience of numerous orders issued by this court.” The court struck all of the wife’s pleadings, including her Counter-petition for Dissolution of Marriage, and ordered the wife to pay the husband’s attorney’s fees and costs as a sanction. The court then conducted a trial and entered a judgment of dissolution of marriage.
The wife argues that the trial court erred by striking her pleadings without a hearing to determine if her conduct warranted such an extreme sanction. We agree. Sanctions imposed pursuant to Florida Rule of Civil Procedure 1.380 are reviewed for an abuse of discretion, and a trial court may exercise its discretion by striking a party’s pleadings “where evidence shows deliberate and contumacious disregard of the court’s discovery orders.” Belle Glade Chevrolet-Cadillac Buick Pontiac Oldsmobile, Inc. v. Figgie, 54 So.3d 991, 996 (Fla. 4th DCA 2010) (citations omitted). However, the striking of pleadings is the severest of penalties and should only be exercised under “extreme circumstances.” America’s Yate de Costa Rica v. Armco Mfg., Inc., 82 So.3d 882, 885-86 (Fla. 4th DCA 2011) (quoting Cook v. Custom Marine Distrib., Inc., 29 So.3d 462, 462 (Fla. 4th DCA 2010)). If the trial court can impose a less severe sanction as a viable alternative, then it should use the alternative. Id.
In any case, the trial court should have granted the request by the wife’s counsel to hold an evidentiary hearing before striking the wife’s pleadings. See, e.g., Kue-chenberg v. Creative Interiors, Inc., 424 So.2d 145, 146 (Fla. 4th DCA 1982) (“The trial court erred by not affording appellants an opportunity to explain their failure to make discovery even after being ordered to do so. An evidentiary hearing held after remand will correct this error.”); accord Wildwood Props., Inc. v. Archer of Vero Beach, Inc., 621 So.2d 691, 692 (Fla. 4th DCA 1993) (“A party to be sanctioned for discovery violations must first be given notice and an opportunity to be heard and offer mitigating or extenuating evidence as to why discovery did not take place.”).
*896 Accordingly, we reverse the order striking the wife’s pleadings and remand for an evidentiary hearing to determine whether the wife’s failure to obey the discovery orders rose to the level of disobedience which would justify the severe sanction of striking pleadings or whether some lesser sanction would suffice.[1] Because we are reversing the order striking the pleadings, we must also reverse the final judgment of dissolution of marriage. See Wildwood, 621 So.2d at 692. This moots the remaining issues on appeal.

Reversed and Remanded.

TAYLOR, CIKLIN, JJ., and ROBINSON, MICHAEL A., Associate Judge, concur.

. We note that Florida Supreme Court Approved Family Law Form 12.980(h) allows a party who has been the victim of domestic violence to file a request for a confidential address. See In re Amendments to Florida Rules of Judicial Admin., Florida Rules of Civil Procedure, Florida Rules of Criminal Procedure, Florida Probate Rules, Florida Rules of Traffic Court, Florida Small Claims Rules, Florida Rules of Juvenile Procedure, Florida Rules of Appellate Procedure, Florida Family Law Rules of Procedure — E-Mail Service Rule, 102 So.3d 505, 570 (Fla.2012). A battered spouse may omit certain details from his or her financial affidavit and request that these details be kept confidential by the court. Id.