WARNER, J.
The trial court granted a default judgment against appellant as a sanction for discovery violations without holding a hearing and without consideration of the factors in Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993), for determining whether the ultimate sanction of dismissal was warranted. Because of the failure to consider the Kozel factors, we reverse.
The underlying proceeding arose out of an investigation by the Department of Business and Professional Regulation, Division of Florida Condominiums, Timeshares and Mobile Homes (“the Division”), of complaints against appellant Heritage Circle Condominium Association regarding its failure to prepare annual financial statements and its failure to fund its required reserves. For approximately a year and a half after initiating the investigation, Heritage continually failed to produce all documents requested by the Division. As a result, the Division filed a petition to compel compliance with its investigative demands. Discovery ensued.
About a year later, the Division filed an amended complaint in which it continued to demand compliance with document production. It added causes of action alleging that Heritage had failed to file financial reports and failed to properly assess reserves, all in violation of the condominium statutes. It requested compliance and damages in the form of statutory penalties. Heritage answered, raising various affirmative defenses as to why it had not fully complied with the document request, as well as defenses as to the statutory violations.
Some nine months after filing the amended complaint, the Division propounded further requests for the production of documents. In a motion to compel compliance filed several months after the discovery demands went unanswered, the Division alleged that it had been repeatedly promised production by Heritage’s attorney, but none was forthcoming. After a *1143 hearing, the court ordered production within twenty days.
Heritage filed a response to the request to produce which did not produce all the demanded documents, and which the Division deemed insufficient. The Division then filed a motion to enforce the discovery requests, noting Heritage’s pattern of failing to comply with discovery requests. It requested that the court enter a default against Heritage as a sanction. Without holding a hearing, the trial court granted the relief, struck Heritage’s pleadings and entered a default.
The Division then moved for entry of a default judgment, requesting liquidated damages of $25,000, and attorney’s fees of $4,647.89. The court entered the final default judgment, again without a hearing. On the tenth day after the entry of the judgment, Heritage moved for rehearing. The trial court denied the motion the next day, without a hearing, finding that it was untimely and without merit. Heritage appeals.
Preliminarily, the Division concedes that the trial court erred in determining that the motion for rehearing was untimely. It argues, however, that the court also denied it as being without merit, thus disposing of the motion on substantive grounds.
On appeal, Heritage contends that the court erred in failing to conduct a hearing on the motion for sanctions, resulting in a default final judgment, and failing to consider the Kozel factors in determining whether a default was an appropriate sanction. We agree that the trial court erred in failing to conduct a hearing at which the Kozel factors could be considered.
The striking of pleadings is the most severe of all penalties and must be employed in only extreme circumstances. Fisher v. Prof'l Adver. Dirs. Co., 955 So.2d 78, 79 (Fla. 4th DCA 2007). To impose the extreme sanction, the trial court must make express findings of fact showing that the refusal to obey discovery orders constituted willful and deliberate disregard. See Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1272-73 (Fla.1990). In addition, so as not to punish a litigant excessively for an attorney’s malfeasance, in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), our supreme court established considerations which determine whether a dismissal or default as a sanction is warranted:
1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.
Id. at 818. To emphasize the care which must be taken before imposing the extreme sanction which ends a lawsuit, the court in Ham v. Dunmire, 891 So.2d 492 (Fla.2004), required that the record show that these factors were considered before the extreme sanction can be imposed:
It is imperative that trial courts strike the appropriate balance between the severity of the infraction and the impact of the sanction when exercising their discretion to discipline parties to an action. The factors articulated in Kozel provide a framework for achieving that balance. *1144 Neither the trial court nor the district court reviewed All American’s motion for sanctions in accordance with the factors outlined in Kozel. Nor does it appear that they considered whether the purposes of the rules of civil procedure would have been vindicated through imposition of a lesser sanction. The trial court’s failure to consider the Kozel factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard.
Id. at 499-500 (emphasis added).
We have consistently required the record to show an express consideration of the Kozel factors. See Alsina v. Gonzalez, 88 So.3d 962, 964-65 (Fla. 4th DCA 2012); Bennett ex rel. Bennett v. Tenet St. Mary’s, Inc., 67 So.3d 422, 427 (Fla. 4th DCA 2011); Cook v. Custom Marine Distrib., Inc., 29 So.3d 462, 463 (Fla. 4th DCA 2010); Wilson v. Form Works, Inc., 894 So.2d 1078, 1078-79 (Fla. 4th DCA 2005); Bank One, N.A. v. Harrod, 873 So.2d 519, 520-21 (Fla. 4th DCA 2004). Other courts have agreed that the trial court must make express factual findings on the Kozel factors. Deutsche Bank Nat’l Trust Co. v. Waldorf, 92 So.3d 857, 858 (Fla. 2d DCA 2012); Deutsche Bank Nat’l Trust Co. v. Lippi, 78 So.3d 81, 85-86 (Fla. 5th DCA 2012); Smith v. City of Panama City, 951 So.2d 959, 961-62 (Fla. 1st DCA 2007).
Neither the trial court’s order striking Heritage’s pleadings and entering a default nor the final judgment contain any findings of willful and deliberate disregard of the court’s order, nor do they make any factual findings regarding the Kozel factors. Indeed, since the trial court determined the matters without a hearing, it could not have made any such findings.[1] Based upon the foregoing authorities, we therefore reverse and remand for the trial court to hold a hearing to consider the issue of sanctions in compliance with both Kozel and Ham.
We also agree with Heritage that, even if a default were warranted, it was entitled to an evidentiary hearing on the issue of damages and attorney’s fees. Although the Division contends that the damages were liquidated, we disagree. Damages are liquidated “when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.” Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So.2d 662, 665 (Fla. 3d DCA 2007) (citing Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983)). Damages are not liquidated “if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.” Id. (citing Bowman, 432 So.2d at 663). Claims for attorney’s fees are unliquidated damages. Id. See also Watson v. Internet Billing Co., Ltd., 882 So.2d 533, 534 (Fla. 4th DCA 2004).
The Division sought penalties for statutory violations and attorney’s fees. Clearly, Heritage was entitled to a hearing on the issue of the amount of attorney’s fees. In addition, the damage penalty required the application of a penalty amount to the *1145 number of condominium units at Heritage. This would require the taking of at least some evidence of the number of units. Moreover, the statute permits the penalty amount to be mitigated, and Heritage had the right to present evidence on mitigation. Finally, even the Division admits in its brief that the $25,000 figure is not supported by its own calculation of the proper penalty amount, which shows that the penalty damages were unliquidated and required an evidentiary hearing.
For the foregoing reasons, we reverse and remand for proceedings consistent with this opinion.
CIKLIN and CONNER, JJ., concur.

. The Division argues that Heritage failed to preserve the issue by raising the trial court’s failure to raise Kozel factors in the trial court. Since there was never a hearing, Heritage was not provided an opportunity to raise the issue. It was not required to file a written response to the motion for sanctions, which was never set for a hearing. In addition, although Kozel was not mentioned in the motion for rehearing from the default judgment, Heritage did raise Kozel factual matters. Moreover, the trial court’s rulings were error apparent on the face of the record. See, e.g., Alsina, 83 So.3d at 965.