NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JULIAN LAMONT FLAGG, )
 )
 Appellant, )
 )
v. ) Case No.   2D14-758
 )
GRADY JUDD, SHERIFF, )
 )
 Appellee. )
_____)

Opinion filed December 9, 2015.

Appeal from the Circuit Court for Polk
County; John M. Radabaugh, Judge.

Julian Lamont Flagg, pro se.

Mario J. Cabrera, Winter Haven, for
Appellee.


KELLY, Judge.

Julian Flagg appeals from the Default Final Judgment and Final Order of

Forfeiture that awards the Polk County Sheriff's Office $2062 under the Florida

Contraband Forfeiture Act.  See §§ 932.701-.706, Fla. Stat. (2013).

As a result of an undercover investigation, Flagg was arrested for dealing

in drugs.  A search of Flagg's residence revealed $1661 in a safe and $421 was found

on Flagg's person. Grady Judd, as Sheriff of Polk County, filed a forfeiture complaint for $2062. The trial court entered an order finding probable cause that the property was used to facilitate the commission of a felony. Although Flagg's attorney filed an answer on Flagg's behalf, the attorney thereafter withdrew from Flagg's representation. When the Sheriff requested documents and interrogatories, Flagg failed to respond. As a consequence, the Sheriff filed a motion to compel, which the trial court granted. When Flagg did not respond within thirty days as required by the order to compel, the Sheriff filed a motion for sanctions. A hearing on the motion was held, but Flagg did not appear at the hearing. The trial court granted the motion and struck the responsive pleading. Sixteen days later, Flagg filed a motion to set aside the sanction, which the trial court denied without a hearing or making any findings. Thereafter, the court entered a default judgment in favor of the Sheriff. Flagg filed a timely notice of appeal.

A trial court has the discretion to order dismissal or default against a party for that party's failure to comply with discovery requirements. See Fla. R. Civ. P. 1.380(b)(2)(C); Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So. 2d 1271 (Fla. 1990). However, "the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances." Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983). Before striking a party's pleadings and entering a default, the trial court must make a finding that the party's nonappearance was willful or done in bad faith. In re Forfeiture of Twenty Thousand Nine Hundred Dollars ($20,900) U.S. Currency, 539 So. 2d 14 (Fla. 4th DCA 1989) (holding that the trial court was required to make a finding or recital that defendant's failure to appear for deposition was willful or contumacious prior

- 2 -

to striking the defendant's pleadings); <u>Trupei v. City of Lighthouse Point</u>, 506 So. 2d 19 (Fla. 4th DCA 1987) (holding that the trial court could not strike the pleadings of a party whose remand from federal custody for trial and deposition had not been secured where no finding had been made that party had willfully failed to appear and be deposed).

> The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation.

<u>Ham v. Dunmire</u>, 891 So. 2d 492, 495-96 (Fla. 2004) (citing <u>Tubero</u>, 569 So. 2d at 1273); cf. <u>Ledo v. Seavie Resources, LLC</u>, 149 So. 3d 707 (Fla. 3d DCA 2014) (holding that where the record plainly reflected Ledo's willful and deliberate disregard of the court's repeated orders to respond to interrogatory requests, the trial court's failure to provide written findings of fact in its order striking Ledo's pleadings did not require reversal).

In this case, Flagg filed a motion to set aside the sanction a little over two weeks after the order was entered. In his motion, he alleged excusable neglect for the failure to respond, stating that he had not timely received the discovery documents at the prison where he is housed and that he was unable to attend the hearing because he was incarcerated. The trial court denied the motion without stating any findings.

Because the trial court did not find that the failure to comply was willful and the record does not demonstrate a deliberate disregard for the court's orders, we

reverse the order striking Flagg's pleadings and remand for an evidentiary hearing to determine whether Flagg's failure to obey the discovery orders rose to the level of disobedience which would justify the sanction of striking the answer. This holding requires reversal of the final judgment of forfeiture. See Tobin v. Tobin, 117 So. 3d 893, 896 (Fla. 4th DCA 2013) ("Because we are reversing the order striking the pleadings, we must also reverse the final judgment of dissolution of marriage.").

Reversed and remanded for further proceedings.


LaROSE and SLEET, JJ., Concur.