DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHETU, INC.,**
Appellant,

v.

**FRANKLIN FIRST FINANCIAL, LTD.,**
Appellee.

No. 4D18-2428

[ July 17, 2019 ]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE17-004319.

Paul D. Turner, Benjamin L. Reiss and Joey L. Lampert of Perlman, Bajandas, Yevoli & Albright, Fort Lauderdale, for appellant.

No brief filed for appellee.

PER CURIAM.

Chetu, Inc. appeals an order granting Franklin First Financial, Ltd.'s motion to vacate a default final judgment. We find that the court abused its discretion in granting the motion because Franklin First did not show that its failure to file a responsive pleading was the result of excusable neglect or that it acted with due diligence in seeking relief from the final judgment. We therefore reverse and remand with instructions to reinstate the judgment.

Chetu filed a complaint against Franklin First seeking damages for breach of contract and unjust enrichment. Franklin First was served with the complaint on March 13, 2017, but it failed to file a responsive pleading. A clerk's default was entered on April 7, 2017. Chetu moved for a default judgment and noticed a hearing for June 22, 2017. Franklin First failed to appear at the hearing, and the court entered a final judgment against it for over $43,000.

Almost six months later, on December 6, 2017, Franklin First moved to vacate the final judgment. The company's CFO, Doug Sanderson,

testified that he accepted service of the complaint and forwarded it to a compliance officer, but he never followed up on the case. He conceded that the clerk's default and subsequent filings were mailed to the correct address, but he did not know whether they were actually received. He testified that he first learned about the final judgment in late September or early October 2017 and "immediately" hired outside counsel to handle the case. Based on this testimony, the court granted the motion and vacated the judgment. This appeal followed.

We review an order granting a motion to vacate a default final judgment for a gross abuse of discretion. *Bequer v. Nat'l City Bank*, 46 So. 3d 1199, 1201 (Fla. 4th DCA 2010). A party seeking to vacate a default final judgment must show: (1) its failure to file a responsive pleading was the result of excusable neglect, (2) it has a meritorious defense, and (3) it acted with due diligence in seeking relief upon learning of the final judgment. *Id.*; *Hepburn v. All Am. Gen. Const. Corp.*, 954 So. 2d 1250, 1251-52 (Fla. 4th DCA 2007). The court in this case abused its discretion in vacating the judgment because Franklin First did not show excusable neglect in failing to file a responsive pleading or due diligence in seeking relief.

As for excusable neglect, Franklin First did not present any evidence to show why it failed to file a responsive pleading, much less evidence that would amount to excusable neglect. Sanderson testified that he accepted service of the complaint and forwarded it to a compliance officer, but there was no evidence to show what the compliance officer did with the complaint. Likewise, Sanderson conceded that the clerk's default and subsequent filings were mailed to the correct address, but there was no evidence to show that they were not received or to explain why no action was taken if they were received. In the absence of any evidence to show why Franklin First failed to file a responsive pleading, the court abused its discretion in finding excusable neglect. *See Frady v. Deringer*, 76 So. 3d 1024 (Fla. 4th DCA 2011) (reversing an order vacating a default judgment because the moving party did not offer any evidence to support his claim that he did not receive any mail related to the case); *Bequer*, 46 So. 3d at 1201-02 (reversing an order vacating a default judgment because the moving party failed to explain what happened to the complaint or the subsequent correspondence advising of the default).

As for due diligence, Sanderson testified that he learned about the final judgment in late September or early October and "immediately" hired outside counsel to handle the case. But counsel did not actually file the motion to vacate until December 6th, and Franklin First did not present any evidence to explain the delay. This unexplained two-month delay in seeking relief precludes a finding of due diligence. *See Hepburn*, 954 So.

2

2d at 1252 (reversing an order vacating a default judgment because the moving party did not introduce any evidence to explain a four-month delay in seeking relief); *Lazcar Int'l, Inc. v. Caraballo*, 957 So. 2d 1191, 1192-93 (Fla. 3d DCA 2007) (holding that a six-week delay in seeking relief, absent competent substantial evidence of some exceptional circumstance, constitutes a lack of due diligence as a matter of law); *cf. Fla. Eurocars, Inc. v. Pecorak*, 110 So. 3d 513, 516-17 (Fla. 4th DCA 2013) (reversing an order denying a motion to vacate because the moving party's counsel filed an affidavit setting forth a "reasonable and credible explanation" for the delay in seeking relief).

Because Franklin First did not show excusable neglect in failing to file a responsive pleading or due diligence in seeking relief, we conclude that the trial court grossly abused its discretion in vacating the default final judgment. We therefore reverse and remand for the court to reinstate the judgment.

*Reversed and Remanded with instructions.*

WARNER, TAYLOR and KUNTZ, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***