# Third District Court of Appeal

## State of Florida

Opinion filed September 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1562
Lower Tribunal No. 19-9254
_____


**Moshe Zuchaer, et al.,**
Appellants,

vs.

**Peninsula Condominium Association Inc.,**
Appellee.


An appeal from a non-final order from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge

Miller, George & Suggs, PLLC, David W. Rodstein, and Robert R. Edwards (Fort Lauderdale), for appellants.

Mansfield Bronstein & Stone, LLP, Robert J. Mansen, and Ronnie Bronstein (Fort Lauderdale), for appellee.


Before FERNANDEZ, C.J., and EMAS, and MILLER, JJ.

MILLER, J.

The issue on appeal in this garden-variety condominium dispute is whether the trial court abused its discretion in denying appellants' motion for relief from judgment filed pursuant to Florida Rule of Civil Procedure 1.540(b). After appellants failed to appear at a show cause hearing, the predecessor judge struck their counterclaim and entered a default final judgment in favor of appellee, Peninsula Condominium Association, Inc. Finding that appellants demonstrated their failure to appear was the result of excusable neglect, primarily precipitated by a miscommunication with their then-corporate counsel, we reverse.

**BACKGROUND**

The basic operative facts are undisputed. Appellants, Moshe and Monique Zuchaer, are condominium unit owners and members of the Association. After the common elements sustained damages as the result of a pipe leak, the Association filed suit against appellants seeking liquidated damages incurred in conjunction with water mitigation and restoration services.[1] Appellants filed an answer, affirmative defenses, and a counterclaim. In their counterclaim, appellants alleged their unit was

---

[1] The Association originally filed suit in the county court. Because the counterclaim alleged damages in excess of the jurisdictional limit of the county court, the case was transferred to the circuit court.

damaged by water intrusion due to the Association's failure to maintain and repair the main riser pipes.

Over the ensuing two years, the parties actively litigated the case. During that time, the Association served appellants with five interrogatories. The parties stipulated to an extension of the discovery deadline, but appellants failed to answer the interrogatories.

The Association filed a motion to compel. Before the motion was set for hearing, appellants' attorney sought to withdraw from the case. The court granted the motion to withdraw without a hearing. Under the terms of the withdrawal order, appellants were required to retain new counsel or announce their intention to proceed pro se within thirty days. They ultimately did neither.

The Association set its motion to compel for hearing within the thirty-day period. Appellants failed to attend, and the predecessor judge granted the motion. Acting on its own initiative, the court further issued an order to show cause requiring appellants to appear in court on a date certain to explain why the interrogatories were unanswered.

Appellants failed to appear at the show cause hearing, and the predecessor judge struck their pleadings, including their counterclaim, with

prejudice, and entered a default final judgment awarding the damages specified in the complaint to the Association.

Approximately four weeks later, appellants retained new counsel and filed a motion for relief from judgment. An amended motion followed. By way of an affidavit, appellants attested they had not received all of the relevant court orders due to mail delivery issues, and their failure to appear was precipitated by the mistaken belief that the show cause hearing would be handled by their then-corporate counsel, Bruce Kaplan. They further stated that the severe illness of a first-degree relative distracted them from regularly monitoring the litigation.

The successor judge convened an evidentiary hearing on the motion for relief from judgment. During the hearing, appellants presented Mr. Kaplan's testimony in the form of a deposition. Mr. Kaplan testified that appellants were unavailable for the show cause hearing because they had a business conflict relating to a protracted contract negotiation. He advised appellants that he believed that the show cause hearing would be rescheduled once, as a courtesy, and he took affirmative steps to procure a continuance.

Mr. Zuchaer testified to a similar course of events. He stated that pandemic-related challenges prevented him from retaining counsel within

the prescribed thirty-day period, and a corporate obligation prevented him from attending the show cause hearing. He further contended that he believed Mr. Kaplan was handling all of his legal matters, including the show cause hearing, and his earlier allegations regarding his relative's illness and mail delivery issues remained unrefuted.

At the conclusion of the hearing, the trial court denied the motion for relief from judgment, and the instant appeal followed.

**ANALYSIS**

We review an order on a motion for relief under Florida Rule of Civil Procedure 1.540(b) for an abuse of discretion. Quest Diagnostics, Inc. v. Haynie, 320 So. 3d 171, 174 (Fla. 4th DCA 2021). In light of Florida's strong public policy in favor of resolving disputes on their merits, however, we view a denial of relief under the rule through a slightly different lens than an order setting aside a judgment. See Apolaro v. Falcon, 566 So. 2d 815, 816 (Fla. 3d DCA 1990) (citing N. Shore Hosp., Inc. v. Barber, 143 So. 2d 849, 852 (Fla. 1962)); see also Frady v. Deringer, 76 So. 3d 1024, 1025 (Fla. 4th DCA 2011) ("The standard of review of an order setting aside a default judgment is gross abuse of discretion."). "A greater showing of abuse of discretion is needed to reverse the grant of a motion to vacate a default than to reverse the denial of such a motion." Bank of Am., N.A. v. Lane, 76 So. 3d 1007,

5

1008 (Fla. 1st DCA 2011). "[I]f there b[e] any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits of the case." N. Shore Hosp., Inc., 143 So. 2d at 853 (third alteration in original) (quoting State Bank of Eau Gallie v. Raymond, 138 So. 40, 43 (Fla. 1931)).

It is axiomatic that a party seeking to set aside a default final judgment must "demonstrate excusable neglect, a meritorious defense, and due diligence."[2] Church of Christ Written in Heaven of Ga., Inc. v. Church of Christ Written in Heaven of Mia., Inc., 947 So. 2d 557, 559 (Fla. 3d DCA 2006). "Excusable neglect is found where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." Emerald Coast Utils. Auth. v. Bear Marcus Pointe, LLC, 227 So. 3d 752, 756 (Fla. 1st DCA 2017) (quoting Elliott v. Aurora Loan Servs., LLC, 31 So. 3d 304, 307 (Fla. 4th DCA 2010)). In this vein, Florida Rule of Civil Procedure 1.540(b) envisions relief when a judgment is the result of "an honest mistake made during the regular course of litigation, including those that result from oversight, neglect, or accident." Noel v. James B. Nutter & Co., 232 So. 3d 1112, 1115 (Fla. 3d

---

[2] The Association concedes that appellants have meritorious defenses. See Household Fin. Corp., III v. Mitchell, 51 So. 3d 1238, 1241 (Fla. 1st DCA 2011).

DCA 2017) (quoting <u>Ocwen Loan Servicing, LLC v. Brogdon</u>, 185 So. 3d 627, 629 (Fla. 5th DCA 2016)).

Here, appellants established, and their then-corporate counsel confirmed, that their failure to attend the show cause hearing was precipitated by the erroneous but honest belief the hearing would be postponed. Further, the sworn allegations that appellants failed to timely receive all court orders and were preoccupied with a family illness during critical stages in the litigation remained unrefuted. Under a vast body of precedent, these circumstances, considered in tandem with the fact that appellants filed their motion within three and a half weeks of learning of the judgment, warrant relief from judgment. See <u>J.J.K. Int'l, Inc. v. Shivbaran</u>, 985 So. 2d 66, 68–69 (Fla. 4th DCA 2008) (finding excusable neglect where counsel failed to appear for a hearing after secretary mistakenly marked hearing as canceled); <u>Gibson Tr., Inc. v. Off. of the Atty. Gen.</u>, 883 So. 2d 379, 382 (Fla. 4th DCA 2004) (concluding excusable neglect found where uncontroverted evidence established misunderstanding concerning whether extension of time to answer complaint had been granted); <u>Edwards v. Najjar</u>, 748 So. 2d 1101, 1103 (Fla. 3d DCA 2000) (reversing denial of motion to vacate default when defendant, through myriad of misfilings, multiplicity of lawsuits, and personal family issues, exercised due diligence and promptly

7

responded to court order setting matter for trial one month after entry of default); Mims v. Miller, 513 So. 2d 1120, 1121–22 (Fla. 2d DCA 1987) (reversing trial court's refusal to vacate default when defendant assumed that personal representative would be defending suit on her behalf and, in any event, moved to vacate default within nine days of entry of default); Pro. Golf Glob. Grp., LLC v. Huynh, 251 So. 3d 1038, 1041 (Fla. 2d DCA 2018) (finding three-week delay in moving for relief from default not unreasonable); Coquina Beach Club Condo. Ass'n, Inc. v. Wagner, 813 So. 2d 1061, 1063–64 (Fla. 2d DCA 2002) (holding excusable neglect established where employee of appellant's insurance agency tasked with hiring defense counsel neglected to timely follow through after receiving suit papers due to serious family illness); Markowski v. Attel Bank Int'l, 701 So. 2d 416, 417–18 (Fla. 3d DCA 1997) (finding excusable neglect demonstrated where sworn testimony reflected appellant failed to receive court order due to mailbox problems); Amex Int'l, Inc. v. Kunde, 722 So. 2d 909, 909–10 (Fla. 5th DCA 1998) (reversing trial court's denial of motion to set aside default where court failed to consider that pleadings lost in the mail constituted excusable neglect).

Had appellants failed to satisfy their burden, we are constrained to reach the same conclusion. "The striking of pleadings . . . is the most severe

of penalties and must be employed only in extreme circumstances." Cook v. Custom Marine Distrib., Inc., 29 So. 3d 462, 462 (Fla. 4th DCA 2010) (quoting Fisher v. Pro. Advert. Dirs. Co., 955 So. 2d 78, 79 (Fla. 4th DCA 2007)). "While no 'magic words' are required, the trial court must make a 'finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.'" Ham v. Dunmire, 891 So. 2d 492, 496 (Fla. 2004) (quoting Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So. 2d 1271, 1273 (Fla.1990)). Further, "if a sanction less severe than the striking of a party's pleadings is 'a viable alternative,' then the trial court should utilize such alternatives." Cook, 29 So. at 463 (quoting Fisher, 955 So. 2d at 80). In the instant case, appellants complied with numerous other discovery requests and actively participated in the litigation. The sequence of events relayed to the court does not support the proposition that they intentionally disobeyed any of the court orders, and lesser sanctions, including monetary sanctions, were available to compel compliance. Accordingly, "[i]n the light cast by Florida's established and salutary policy in favor of determining cases on their merits," we reverse the orders under review and remand for further proceedings consistent herewith. Contreras v. Stambul, LLC, 306 So. 3d 1143, 1145 (Fla. 3d DCA 2020) (alteration in

9

original) (quoting <u>Wein v. Quayside Realty, Inc.</u>, 462 So. 2d 569, 569 (Fla. 3d DCA 1985)).

Reversed and remanded.