SUAREZ, J.
U.S. Bank appeals the trial court’s dismissal without prejudice of the foreclosure action in this matter. The dismissal is effectively a dismissal with prejudice as U.S. Bank is now time-barred from refiling. Based on the facts presented, we reverse. The administrative memorandum that served as the basis for this dismissal only permits sanctions after multiple deficiencies and does not support dismissal after a single deficiency, as was the case here. For that reason, the lower court improperly dismissed U.S. Bank’s case and we reverse.
The Eleventh Circuit issued an administrative memorandum in 2010 which requires movants for summary judgment in foreclosure cases to file a packet of materials. The memorandum specifically states that an incomplete, or otherwise deficient, packet will result in a rejection notice be- *1215 mg sent out. The packet will be held for pick-up and a hearing date will not be scheduled. The memorandum also states that “multiple rejections may constitute grounds for sanctions.” U.S. Bank filed the present motion for summary judgment prior to the administrative memorandum being issued. U.S. Bank then filed the packet, which did not comply with the administrative memorandum and was, therefore, deficient. The lower court then dismissed U.S. Bank’s case without prejudice. In practice, the order acts as a dismissal with prejudice because the statute of limitations has run on the bank’s cause of action.
“Dismissal is the ultimate sanction in the adversarial system, [and] it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve such a result.” Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993); Arkiteknic, Inc. v. United Glass Laminating, Inc., 53 So.3d 366 (Fla. 3d DCA 2011). The ultimate sanction is not called for in this particular case. U.S. Bank filed only one deficient packet in this matter. Lesser sanctions, such as the rejection notice prescribed by the administrative memorandum, would have sufficed.
Reversed and remanded, to be reinstated.