WHATLEY, Judge.
Deutsche Bank National Trust Company appeals the order dismissing its case to foreclose William Waldorf s mortgage with prejudice for failure to provide the court a summary final judgment package[1] prior to *858 the hearing on the Bank’s motion for summary judgment. We reverse and remand for further proceedings.
The Bank filed its foreclosure complaint in January 2008. Waldorf did not respond and assert any defenses, and a default was entered against him. Soon thereafter, he filed for bankruptcy. Approximately a year later, the bankruptcy was dismissed. The Bank then filed a motion for summary judgment with an affidavit of amounts due and owing in its foreclosure action. A hearing was scheduled for the motion, but the Bank requested that it be' cancelled. Pursuant to a case management conference in late 2010, on January 31, 2011, the trial court issued an order directing the Bank to schedule its motion for summary judgment within sixty days. The Bank complied. After the hearing, the trial court dismissed the Bank’s case with prejudice because the Bank failed to provide the court with a summary final judgment package prior to the hearing.
In Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993), the supreme court set forth the following six-factor test to be used in determining whether a dismissal with prejudice is an appropriate response to an attorney’s behavior:
1) whether the attorneys’ disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
A trial court’s failure to consider these factors in determining whether dismissal is appropriate is a basis for remand for application of the factors. Ham v. Dunmire, 891 So.2d 492, 500 (Fla.2004).
Dismissing a case with prejudice is the ultimate sanction and should only be used in “those aggravating circumstances in which a lesser sanction would fail to achieve a just result.” Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993).
[[Image here]]
After considering [the Kozel ] factors, “if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.” Id. Sanctions short of dismissing a case with prejudice are appropriate when the errors are made by the attorney and not the client. Am. Express Co. v. Hickey, 869 So.2d 694, 695 (Fla. 5th DCA 2004). Although no “magic words” are required when a court dismisses a case with prejudice, the court must find the conduct leading to the order was willful or constituted a deliberate disregard of the court’s directives. Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990).
Deutsche Bank Nat’l Trust Co. v. Lippi, 78 So.3d 81, 85-86 (Fla. 5th DCA 2012); see Ham, 891 So.2d at 499 (“It is imperative that trial courts strike the appropriate balance between the severity of the infraction and the impact of the sanction when exercising their discretion to discipline parties to an action.”).
We reverse the order of dismissal and remand for the trial court to consider the Kozel factors in determining what sanction, other than dismissal, is appropriate. Ham, 891 So.2d at 501 (reversing district court’s affirmance of trial court’s dismissal *859 with prejudice for violation of discovery-orders because neither court applied Kozel factors and remanding to the district court to remand to the trial court “for a determination of what sanctions, short of dismissal, are appropriate for the discovery violations in this matter”).
Reversed and remanded.
NORTHCUTT and BLACK, JJ„ Concur.

. A summary final judgment package is not required by the Florida Rules of Civil Procedure