KHOUZAM, Judge.
Deutsche Bank National Trust Company appeals an order dismissing with prejudice its foreclosure action against LGC and others due to a single violation of a discovery order. Because the trial court abused its discretion in employing such a harsh sanction, we reverse the order and remand the case for further proceedings.
The procedural history of this case is somewhat unusual. On February 17, 2009, Deutsche Bank filed a two-count complaint against LGC and others to collect on a note and foreclose a mortgage.- The defendants filed a motion to dismiss on July 24, 2009, arguing that Deutsche Bank failed to attach necessary documents to the complaint. The parties then began the discovery process, and although the extent of that discovery is not clear, our record demonstrates that Deutsche Bank participated by responding to at least one request for production and serving at least one set of answers to the defendants’ interrogatories. Thereafter, a discovery dispute arose and LGC filed on September 1, 2010, a motion to compel the production of documents. The defendants twice amended their motion to dismiss, and by October 29, 2010, it included allegations that the court lacked subject matter jurisdiction to hear the case and that Deutsche Bank had committed fraud upon the court.
On November 22, 2010, a hearing was held on both the motion to compel and the *488 amended motion to dismiss. At the hearing, the trial court orally denied the motion to dismiss and orally granted the motion to compel. But our record does not indicate any further action from either party or the court until September 21, 2011, when Deutsche Bank filed a motion for summary judgment. Six days later, on September 27, 2011, the trial court entered two orders memorializing its oral rulings made in November 2010. One denied the defendants’ amended motion to dismiss and the other granted the September 1, 2010, motion to compel and allowed Deutsche Bank 45 days from the entry of the order to comply.
Deutsche Bank did not comply with the order to compel within the time provided. Consequently, on December 29, 2011, LGC filed a motion to dismiss the case for noncompliance -with the discovery order. A hearing on the motion to dismiss was held on January 12, 2012, and five days later the trial court entered an order granting the motion and dismissing the case with prejudice.
The trial court explained in its order that this sanction was warranted because, inter alia, the plaintiff, but not the plaintiffs attorney, was directly involved in the violation; the plaintiff failed to offer any explanation for the noneompliance; the failure to produce directly prejudiced the defendants because it went to the issue of standing; the noncompliance constituted a willful or deliberate disregard; and dismissal with prejudice was the only appropriate remedy to protect the integrity of the judicial system. See Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993) (delineating the factors a trial court must consider in determining whether dismissing a case with prejudice is appropriate). Deutsche Bank timely appealed, arguing that it was error to dismiss the case with prejudice.
We review the trial court’s order for an abuse of discretion. Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002). It is well established that in imposing sanctions trial courts possess broad discretion. Id. However, it is also well settled that “dismissing an action for failure to comply with orders compelling discovery is ‘the most severe of all sanctions which should be employed only in extreme circumstances.’ ” Ham v. Dunmire, 891 So.2d 492, 495 (Fla.2004) (quoting Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983)).
As it is “the ultimate sanction in the adversarial system,” dismissal with prejudice “should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result.” Kozel, 629 So.2d at 818. Because the purpose of discovery sanctions is to ensure compliance with the trial court’s order rather than to punish, Carr v. Reese, 788 So.2d 1067, 1072 (Fla. 2d DCA 2001), dismissal with prejudice “as a sanction for failing to comply with a court order has generally been frowned upon by the courts, except in the most egregious circumstances of intentional defiance and contumacious disregard of the court’s authority,” Wheeler v. Hajianpour, 688 So.2d 423, 424 (Fla. 4th DCA 1997). Consequently, “if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.” Kozel, 629 So.2d at 818.
Here, the trial court abused its discretion in dismissing the case with prejudice. Although the trial court had the discretion and authority to sanction Deutsche Bank for its failure to comply with the order to compel,[1] dismissal with *489 prejudice was too harsh a penalty under these circumstances. In addition to the fact that Deutsche Bank violated only a single discovery order, there is no indication that the violation resulted in any prejudice to the defendants. See Ham, 891 So.2d at 499 (noting that dismissal with prejudice “is far too extreme as a sanction in those cases where discovery violations have absolutely no prejudice to the opposing party”). Indeed, after the motion to compel was orally granted, the case sat idle for nine months during which time the defendants did not take a single action on the case, and LGC has not alleged in this appeal any prejudice beyond general inconvenience. Moreover, a dismissal with prejudice here could act as a substantial monetary penalty.[2]
Under these circumstances, the trial court should have employed a sanction less harsh than dismissal with prejudice. As the Florida Supreme Court observed in Ham, “[t]his is simply not a case involving a protracted history of discovery abuses, numerous motions to compel, prior sanctions by the trial court, patent prejudice to the opposing party, or other circumstances that would in any way warrant imposition of the ultimate sanction of dismissal.” Id. Consequently, the order dismissing the case must be reversed and the case remanded for further proceedings.
Reversed and remanded.
ALTENBERND, J„ Concurs.
VILLANTI, J., Concurs with opinion.

. Deutsche Bank conceded at oral argument that the failure to comply with the order was *489 a sanctionable violation.

. The complaint alleges that Deutsche Bank is owed $111,638.97 on the note.