LOGUE, J.
Portofino Professional Center Condominium Association, Inc. (“the Association”) challenges an order granting a motion to strike its untimely filed amended complaint and an order denying its motion for an enlargement of time to file that complaint. Because the practical effect of these two orders is to dismiss appellant’s complaint with prejudice, and because the trial court entered the orders without considering the factors set forth by the Florida Supreme Court in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), we reverse.
On February 8, 2012, the Association sued Prime Homes at Portofino Professional Center, LLC, as well as various associated entities and individuals (collectively, “the Developer”), for damages related to the alleged mismanagement of the condominium. It also joined an accounting firm, Appelrouth Farah and Co., P.A. (“Appelrouth”), for negligently failing to discover deficiencies during its financial audit of the condominium.
The Developer moved to dismiss certain counts of the complaint, alleging that the complaint was factually deficient and failed to state a cause of action. After a hearing on the motion, the trial court entered an agreed order on August 31, 2012, granting the motion to dismiss without prejudice and with leave for the Association to amend within twenty — five days. On September 25, 2012 — twenty-five days after the entry of the dismissal order — the Association filed a motion for enlargement of time to file its amended complaint, seeking an extension until October 5, 2012. This motion was not set for hearing.
The Association filed its amended complaint on October 29, 2012. The Developer, joined by Appelrouth, filed a motion to strike the complaint as untimely and a nullity. The Association’s counsel filed a response, arguing that his failure to timely file was a result of excusable neglect. After a hearing on the motion, the trial court denied the Association’s motion for enlargement of time and granted the motion to strike the complaint. The practical effect of the two orders on appeal is to foreclose any further action by the Association in this case. Although the Association may refile the suit, its complaint has been effectively dismissed. See Delgado v. J. Byrons, Inc., 877 So.2d 822 (Fla. 4th DCA 2004) (holding that an order of dismissal is clearly final for appellate purposes where a claim can only be pursued by filing a new complaint.).
In Kozel, the Florida Supreme Court expressed concern that dismissing a complaint without leave to amend as a result of an attorney’s failure to comply with court deadlines may needlessly punish a litigant, rather than counsel. 629 So.2d at 818. To assist in determining whether a sanction is appropriate in those situations where an attorney — not the client — is responsible for an error, the court established six factors to be considered:
1) Whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of negligence or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the *1114 delay created significant problems of judicial administration.

Id.

Consideration of these factors provides the framework for achieving a balance between the severity of the sanction and its impact on the litigants. Alsina v. Gonzalez, 83 So.3d 962, 965 (Fla. 4th DCA 2012) (citing Ham v. Dunmire, 891 So.2d 492, 500 (Fla.2004)). It is well established that a court must first consider each of the Kozel factors before it may dismiss a cause as a sanction. Id. at 962; Arkiteknic, Inc. v. United Glass Laminating, Inc., 53 So.3d 366, 367 (Fla. 3d DCA 2011).
There is no evidence that the trial court made preliminary findings of fact concerning each of the Kozel factors in this case. Accordingly, we reverse the orders on appeal and remand the case for consideration of those factors. If, after considering the Kozel factors, the trial court determines that dismissal with prejudice is appropriate, then the trial court shall include in its written order findings of fact with respect to each factor. See Kruger v. Kruger, 124 So.3d 1033, 1035 (Fla. 3d DCA 2013); Alvarado v. Snow White & the Seven Dwarfs, Inc., 8 So.3d 388, 389 (Fla. 3d DCA 2009).
Reversed and remanded.