IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BAC HOME LOANS
SERVICING, L.P.,

      Appellant,

v.

DONALD H. ELLISON, et al.,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4227

Opinion filed July 25, 2014.

An appeal from the Circuit Court for Duval County.
A.C. Soud, Jr., Judge.

Kimberly Hopkins and Ronald M. Gache of Shapiro, Fishman & Gache, LLP, Tampa, for Appellant.

No Appearance for Appellees.

WOLF, J.

      In this appeal, BAC Home Loans Servicing, L.P., challenges a final order of dismissal without prejudice for failure to appear at a hearing set by the trial court and subsequent denial of a Motion for Rehearing. We reverse.

      Appellant alleges that no one appeared at a May 6, 2013, hearing on behalf of appellant because the trial court sent its *sua sponte* order to a different address

than the address on record. Appellant argues that the trial court erred in dismissing the case without considering the appropriate factors set forth in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993).

In a Motion for Rehearing, appellant argued that dismissal for failing to comply with the court's order to appear at hearing was too severe a sanction where the record is devoid of evidence showing counsel's failure to appear was a willful or flagrant disregard of the court's authority. Specifically, counsel alleged that they had no record of ever receiving the order.[*]

Failure to apply the Kozel factors constitutes reversible error. See, e.g., Ham v. Dunmire, 891 So. 2d 492, 500 (Fla. 2004) ("[F]ailure to consider the Kozel factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard."); Fla. Nat'l Org. for Women, Inc. v. State, 832 So. 2d 911, 914 (Fla. 1st DCA 2002) (holding that the trial court should not have dismissed the complaint without specifically addressing the Kozel factors); Crews v. Shadburne, 637 So. 2d 979, 981 (Fla. 1st DCA 1994) ("'[T]o dismiss the case based solely on the attorney's neglect unduly punishes the litigant and espouses a policy that this Court does not wish to promote.'" (quoting Kozel, 629 So. 2d at 818)); and Gaines v. Placilla, 634 So. 2d 711 (Fla. 1st DCA 1994)

---

[*] The result in this appeal should in no way be taken as condoning counsel's apparent failure to promptly inform the trial court of an attorney of record's separation from the firm.

2

(remanding for the trial court to reconsider the motion to dismiss in light of the Kozel factors).

In the instant case, an evidentiary hearing should have been held to determine whether appellant's failure to appear was a willful violation of the court's order.

We therefore REVERSE and REMAND for further proceedings consistent with this opinion.

LEWIS, C.J., and WETHERELL, J., CONCUR.