IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4150

BAC HOME LOANS
SERVICING L. P. F/K/A
COUNTRYWIDE HOME
LOANS SERVICING L.P.,

      Appellant,

v.

JEFFREY ROBERT PARRISH
A/K/A JEFFREY PARRISH
AND JESSICA ANN PARRISH
A/K/A JESSICA A. PARRISH
A/K/A JESSICA PARRISH; ET
AL.,

      Appellees.

_____/

Opinion filed September 10, 2014.

An appeal from the Circuit Court for Duval County.
A.C. Soud, Jr., Senior Judge.

Kimberly Nolen Hopkins and Ronald M. Gache of Shapiro, Fishman, & Gache, LLP, Tampa, for Appellant.

Jeffrey Robert Parrish and Jessica Ann Parrish, pro se, Appellees.

OSTERHAUS, J.

      Under review is a final order dismissing a foreclosure action without prejudice based on Appellant's failure to appear on the trial date fixed by the court.

We reverse because the notice fixing the trial date failed to comply with the thirty-day requirement set forth in Florida Rule of Civil Procedure 1.440(c) and because the trial court failed to determine whether Appellant's failure to appear was willful.

## I.

In November 2009, Appellant filed a complaint to foreclose on Appellee's mortgage. On March 14, 2013, the trial court rendered a *sua sponte* "Order Setting Trial or Final Hearing" for April 11, 2013. The court's order evidently was not served on Appellant's counsel and no one appeared for Appellant on the scheduled trial date.[1] As a consequence, the trial court dismissed the case. Upon learning of the dismissal, Appellant filed a timely motion for rehearing with evidence that counsel's failure to appear was based not on willful disregard of the trial court's order, but because the court failed to serve Appellant with the notice. But rehearing was summarily denied.

## II.

We now reverse and remand for two reasons. First, the order setting trial violated the requirements of Florida Rule of Civil Procedure 1.440(c). Rule 1.440(c) requires that orders fixing trial dates "shall be set not less than 30 days from the service of the notice for trial." Fla. R. Civ. P. 1.440(c). In this case, the order setting the trial was rendered on March 14, 2013, only *twenty-eight* days

---

[1] Appellees have not contested the facts asserted by Appellant in this court or below.

before the scheduled date for trial. This constitutes reversible error. <u>Rivera v. Rivera</u>, 562 So. 2d 833, 834 (Fla. 1st DCA 1990); <u>see also</u> 4 Fla. Prac., Civil Procedure § 1.440:8 ("A court's failure to give the minimum 30-day notice required by subdivision (c) of the rule similarly renders any judgment entered defective.").

Second, the trial court's order did not apply the requisite standards set forth in <u>Kozel v. Ostendorf</u>, 629 So. 2d 817 (Fla. 1993), for determining whether dismissal as a sanction was appropriate. <u>See</u>, <u>e.g.</u>, <u>BAC Home Loans Servicing, L.P. v. Ellison</u>, 1D13-4227, 2014 WL 3684218 (Fla. 1st DCA 2014) (citing <u>Ham v. Dunmire</u>, 891 So. 2d 492, 500 (Fla. 2004); <u>Fla. Nat'l Org. for Women, Inc. v. State</u>, 832 So. 2d 911, 914 (Fla. 1st DCA 2002); <u>Crews v. Shadburne</u>, 637 So. 2d 979, 981 (Fla. 1st DCA 1994); <u>Gaines v. Placilla</u>, 634 So. 2d 711 (Fla. 1st DCA 1994)). Just as in <u>Ellison</u>, before dismissing Appellant's case, the trial court should have conducted an evidentiary hearing to determine whether counsel's failure to appear was a willful violation of the court's order.

## III.

Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.

LEWIS, C.J., and THOMAS, J., CONCUR.

3