NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

     Appellant,

v.
     Case No. 2D15-1631

LINDA LINNER A/K/A LINDA D.
LINNER, as trustee under the
unrecorded trust agreement known as
the Linda D. Linner Revocable Trust of
2007 dated May 29, 2007; LINDA
LINNER A/K/A LINDA D. LINNER,
INDIVIDUALLY; THE UNKNOWN
BENEFICIARIES OF THE LINDA D.
LINNER REVOCABLE TRUST OF
2007 DATED MAY 29, 2007;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INCORPORATED AS A NOMINEE
FOR CITIBANK, N.A.; UNKNOWN
SPOUSE OF HARRY A. LOEBEL;
VILLAGE WALK HOMEOWNERS
ASSOCIATION OF NAPLES, INC.;
UNKNOWN PERSON(S) IN
POSSESSION OF THE SUBJECT
PROPERTY,

     Appellees.
_____

Opinion filed June 3, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Collier County;

Daniel R. Monaco, Senior Judge.

H. Michael Muniz of Kahane & Associates,
P.A., Plantation, for Appellant.

Paul P. Pacchiana, Naples, for Appellees
Linda Linner a/k/a Linda D. Linner, as
trustee under the unrecorded trust
agreement known as the Linda D. Linner
Revocable Trust of 2007 dated May 29,
2007, and Linda Linner A/K/A Linda D.
Linner, Individually.

No appearance for remaining Appellees.


KHOUZAM, Judge.

The Federal National Mortgage Association (FNMA) appeals the order

denying its motion to vacate the dismissal of its foreclosure complaint without prejudice.

We have jurisdiction[1] and affirm the decision below.

FNMA filed a verified foreclosure complaint after Linda Linner allegedly

ceased making mortgage payments. The trial court eventually entered an order

scheduling a case management conference for December 11, 2014. At the conference,

FNMA failed to appear, and the trial court entered an order noting FNMA's absence and

dismissing the action <u>without</u> prejudice. On December 19, 2014, FNMA filed a motion

to vacate the dismissal, arguing that it never received the order scheduling the

---

[1]Florida Rule of Appellate Procedure 9.130(a)(5) allows this court to review "[o]rders entered on an authorized and timely motion for relief from judgment." We recognize that an appellate court lacks jurisdiction to review an order denying a motion seeking to vacate a nonfinal order. See <u>Simpkins v. Jenkins</u>, 979 So. 2d 1147, 1147 (Fla. 1st DCA 2008). However, an order dismissing a complaint without prejudice can be final for appellate purposes if it dismisses the case without prejudice "to file another, separate, action, rather than 'without prejudice' to file an amended complaint in the first action." <u>Carlton v. Wal-Mart Stores, Inc.</u>, 621 So. 2d 451, 452 (Fla. 1st DCA 1993).

conference because the order was sent to an attorney who was no longer employed by the firm representing it. The trial court denied the motion to vacate after a hearing.[2] FNMA timely appealed.

On appeal, FNMA argues that the trial court erred by failing to consider the factors announced by the supreme court in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993), prior to dismissing its complaint without prejudice.[3]

In Kozel, the Florida Supreme Court held that in dismissing a case with prejudice, a trial court should consider the following factors:[4]

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

Id. at 818. In adopting these factors, the supreme court reasoned that "dismissal is the ultimate sanction in the adversarial system" and that "it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result." Id. It further reasoned that

---

[2]A transcript of the hearing was not provided to this court. This court issued an order directing FNMA to supplement its appendix with a transcript of the hearing, but FNMA filed a response stating that a transcript was not available.

[3]We decline to comment on FNMA's remaining arguments.

[4]These factors were originally set forth in large part by Judge Altenbernd in his dissent in Kozel v. Ostendorf, 603 So. 2d 602, 605 (Fla. 2d DCA 1992) (Altenbernd, J., dissenting), decision quashed, 629 So. 2d 817.

> [d]ismissal "with prejudice" in effect disposes of the case, not for any dereliction on the part of the litigant, but on the part of his counsel. We are not unmindful of the rule that counsel is the litigant's agent and that his acts are the acts of the principal, but since the rule is primarily for the governance of counsel, dismissal "with prejudice" would in effect punish the litigant instead of his counsel.

Id. (quoting Beasley v. Girten, 61 So. 2d 179, 181 (Fla. 1952)). The Kozel factors "provide a framework" for striking the "appropriate balance between the severity of the infraction and the impact of the sanction when exercising . . . discretion to discipline parties to an action." Ham v. Dunmire, 891 So. 2d 492, 499-500 (Fla. 2004).

The supreme court's jurisprudence only requires consideration of the Kozel factors when a trial court issues a dismissal with prejudice. Kozel, by its own terms, only applies to dismissals with prejudice. The order under review in Kozel was a dismissal with prejudice. In Kozel, the plaintiff filed a medical malpractice action. The defendant filed a motion to dismiss arguing that the complaint failed to state a cause of action. The trial court granted the motion and gave the plaintiff twenty days to amend the complaint. Despite a stipulated extension, the plaintiff failed to timely file the amended complaint—it was not filed until five months after it was due. On the defendant's motion, the trial court dismissed the complaint with prejudice.

Ham did not expand the application of the Kozel factors. In Ham, the supreme court clarified that a litigant's lack of personal involvement in misconduct is not a prerequisite for dismissal with prejudice. The court reiterated that "the interests of justice in this state will not tolerate the imposition of sanctions that punish litigants too harshly for the failures of counsel" but reasoned that a litigant's involvement in misconduct is "just one of the factors to be weighed in assessing whether dismissal is

- 4 -

the appropriate sanction." Ham, 891 So. 2d at 497. The order reviewed in Ham was also a dismissal with prejudice. In Ham, the plaintiff initiated a negligence action. She obtained a default, but the defendant successfully moved to vacate it due to inadvertence and mistake. The matter was set for trial, and the parties proceeded to discovery. Eventually the plaintiff ceased complying with discovery orders. The defendant moved for sanctions, and following an untranscribed telephonic hearing, the trial court dismissed the action with prejudice.

This court has consistently applied the Kozel factors to dismissals with prejudice or their functional equivalent. See, e.g., Deutsche Bank Nat'l Trust Co. v. LGC, 107 So. 3d 486, 487 (Fla. 2d DCA 2013); Deutsche Bank Nat'l Trust Co. v. Waldorf, 92 So. 3d 857, 857 (Fla. 2d DCA 2012); Hawthorne v. Wesley, 82 So. 3d 1183, 1184 (Fla. 2d DCA 2012); Rohlwing v. Myakka River Real Props., Inc., 884 So. 2d 402, 403 (Fla. 2d DCA 2004); see also Montage Grp., Ltd. v. Athle-Tech Comput. Sys., Inc., 889 So. 2d 180, 189-90 (Fla. 2d DCA 2004) (applying Kozel to the striking of defendant's answer and affirmative defenses and entry of judgment on liability); Carr v. Reese, 788 So. 2d 1067, 1071 (Fla. 2d DCA 2001) (stating that Kozel applies to dismissal or default entered as a sanction); Russell v. A.G. Edwards & Sons, Inc., 779 So. 2d 452, 454-55 (Fla. 2d DCA 2000) (applying Kozel to a final judgment entered as a sanction).

However, it appears that the First District applies the Kozel factors when dismissal is entered as a sanction, even if the dismissal is without prejudice. See HSBC Bank USA v. Cook, 178 So. 3d 548 (Fla. 1st DCA 2015); BAC Home Loans Servicing L.P. v. Parrish, 146 So. 3d 526 (Fla. 1st DCA 2014); BAC Home Loans Servicing, L.P.

v. Ellison, 141 So. 3d 1290 (Fla. 1st DCA 2014). The Third District has also applied the Kozel factors to a dismissal without prejudice entered as a sanction where the sanctioned party was required to file a new case in order to pursue its claims. See Fed. Nat'l Mortg. Ass'n v. Wild, 164 So. 3d 94, 95 (Fla. 3d DCA 2015).

It is not reversible error for a trial court to fail to consider the Kozel factors before dismissing a case without prejudice. The factors set forth in Kozel apply to dismissals with prejudice because such dismissals dispose of a case and may run the risk of punishing the litigant too harshly for counsel's conduct. See Kozel, 629 So. 2d at 818. When a case is dismissed without prejudice, a litigant may still have his or her day in court, even if the case needs to be refiled. The concern underlying the Kozel factors is simply not presented by a dismissal without prejudice.

Accordingly, we hold that for sanctions falling short of dismissal with prejudice or its functional equivalent, a trial court does not err by failing to consider the Kozel factors.[5] Here, because the trial court dismissed the case without prejudice, any failure to apply Kozel does not require reversal. We certify conflict with Cook, 178 So. 3d 548; Parrish, 146 So. 3d 526; Ellison, 141 So. 3d 1290; and Wild, 164 So. 3d 94.

Affirmed; conflict certified.

BLACK and SALARIO, JJ., Concur.

---

[5]A trial court should still consider the Kozel factors if the practical effect of the sanction issued is to dismiss a complaint with prejudice. See Portofino Prof'l Ctr. v. Prime Homes at Portofino, 133 So. 3d 1112, 1113 (Fla. 3d DCA 2014). For example, if the trial court dismisses a case "without prejudice," but the dismissal "acts as a dismissal with prejudice because the statute of limitations has run," the trial court should conduct an analysis under Kozel. See U.S. Bank Nat'l Ass'n v. Cowell, 86 So. 3d 1214, 1215 (Fla. 3d DCA 2012).

- 6 -