IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SRMOF II 2012-1 TRUST, U.S. BANK TRUST
NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE,

     Appellant,

 v.                                      Case No. 5D16-973

JOSE GARCIA A/K/A JOSE GARCIA, SR.,
FREDDIE GARCIA, CANDIDA CANALAS,
HOUSEHOLD FINANCE CORPORATION III
AND JPMORGAN CHASE BANK, N.A., AS
SUCCESSOR BY MERGER TO CHASE
HOME FINANCE, LLC, ETC.,

     Appellees.
_____/

Opinion filed February 10, 2017

Appeal from the Circuit Court
for Volusia County,
Dawn D. Nichols, Judge.

Sonia Hernriques McDowell, of Quintairos,
Prieto, Wood & Boyer, P.A., Orlando, for
Appellant.

Andrew B. Greenlee, of Andrew B. Greenlee,
P.A., Sanford and Mandy Pavlakos, of the Law
Office of Mandy Pavlakos, P.A., Lake Mary, for
Appellees.


PER CURIAM.

     SRMOF II 2012-1 Trust, U.S. Bank Trust National Association, not in its Individual

Capacity, but Solely as Trustee (the "Bank"), plaintiff below, appeals a final Order of

Involuntary Dismissal Without Prejudice for its failure to perfect service on one of the defendants and an order denying its motion to vacate the same. The Bank contends that the court erred in failing to consider the *Kozel*[1] factors in granting the involuntary dismissal without prejudice.

We align our position with that of the Second District in *Federal National Mortgage Ass'n v. Linner*, 193 So. 3d 1010, 1012-13 (Fla. 2d DCA 2016), and held that an involuntary dismissal without prejudice does not require a consideration of the *Kozel* factors. Accordingly, like the Second District, we certify conflict with the First District and Third District on this matter. *HSBC Bank USA v. Cook*, 178 So. 3d 548 (Fla. 1st DCA 2015); *BAC Home Loans Servicing L.P. v. Parrish*, 146 So. 3d 526 (Fla. 1st DCA 2014); *BAC Home Loans Servicing, L.P. v. Ellison*, 141 So. 3d 1290 (Fla. 1st DCA 2014); *Fed. Nat'l Mortg. Ass'n v. Wild*, 164 So. 3d 94, 95 (Fla. 3d DCA 2015). Otherwise, we find no merit to the Bank's remaining claims.

AFFIRMED. CONFLICT CERTIFIED.

COHEN, C.J., EVANDER, J., and JACOBUS, B.W., Senior Judge, concur.

---

[1] *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993).