DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

OANH NGUYEN and KIEU NGUYEN,

Appellants,

v.

MARVIN WILLIAMS,

Appellee.

No. 2D2025-0410

_____

February 27, 2026

Appeal from the Circuit Court for Hillsborough County; Melissa Polo, Judge.

Stephanie Meacham, Tampa, for Appellants.

Mark D. Tinker and Brandon J. Tyler of Cole, Scott & Kissane, P.A., Tampa, for Appellee.

MORRIS, Judge.

Oanh and Kieu Ngyuen appeal from an order dismissing their negligence case as well as the order denying their motion for rehearing or, in the alternative, motion to vacate filed pursuant to Florida Rules of Civil Procedure 1.530 and 1.540(b).  We affirm, but we write to address the unfortunate factual circumstances of this case and to encourage the principles of civility, collegiality, and professionalism in the practice of law.

## BACKGROUND

The Nguyens' negligence case arose from a car accident involving the Nguyens and Marvin Williams. During the course of the proceedings below, the trial court entered a uniform order both setting a trial date and a pretrial conference date. The order expressly stated that "[a]t least one trial counsel per party must be physically present at the pretrial conference" and that "[f]ailure to appear may result in sanctions and/or dismissal of case."

It is undisputed that the Nguyens' counsel, Stephanie Meacham, failed to appear at the pretrial conference. As a result, the trial court entered an order dismissing the case because "[n]o one appeared for the Plaintiff . . . as ordered" in the prior order setting trial and the pretrial conference. The trial court further found that Meacham "failed to appear at a duly noticed and cleared hearing and did not notify Williams at any time requesting the hearing be rescheduled" and that there was no notice of unavailability or other filing with the clerk in the court file.

The Nguyens filed a motion for rehearing pursuant to rule 1.530 or, in the alternative, motion to vacate pursuant to rule 1.540(b). In the motion, the Nguyens alleged that two days before the pretrial conference date, Meacham sent an email to Williams' counsel, Dorice Voecks,[1] in which Meacham advised Voecks that she was not feeling well and would be unable to attend the pretrial conference. Meacham requested that Voecks reschedule the pretrial conference.

The Nguyens explained that Meacham is a solo practitioner and is the Nguyens' sole trial counsel. Because the trial court's order required the physical presence of trial counsel at the pretrial conference, and

---

[1] Because the issue in this case involves communications between Meacham and Voecks, we will refer to Voecks throughout this opinion.

2

because Meacham did not believe that the Nguyens could comply with the order by having another attorney enter a limited appearance to appear on her behalf at the pretrial conference, she asked her husband to send an email to the trial court and to Voecks the day before the pretrial conference. The Nguyens alleged that Meacham's husband sent an email that afternoon to both the trial court and Voecks notifying them that Meacham's condition had worsened "because of the flu or some other illness that has kept her confined to bed and otherwise unable to function, either physically or mentally." The email advised that Meacham had requested her husband to send the email on her behalf after she became "certain that her condition would not improve, or sufficiently improve, by tomorrow afternoon" in time for the pretrial conference. The Nguyens asserted that while Meacham's husband is also an attorney with his own law practice, he did not enter a limited appearance in the action.

The Nguyens also argued that on the day of the pretrial conference, Voecks sent an email to both Meacham and her husband in which Voecks informed them that "[t]he judge is waiting on one of you to appear" in the pretrial conference.

As the basis for the request to vacate the dismissal pursuant to rule 1.540(b), the Nguyens argued that the trial court dismissed the case because of a material mistake in the factual findings purported to support the dismissal, that is, that no one appeared for the Nguyens at the pretrial conference as required by the trial court's prior order and that Meacham failed to notify Voecks at any time requesting the pretrial conference be rescheduled.

The Nguyens argued that the trial court appeared to be unaware that Meacham's husband had sent an email to Voecks and to the trial

3

court advising them of Meacham's inability to attend the pretrial conference and that that led to the trial court's mistaken belief that Meacham was able to appear but failed to do so without a justifiable reason or excuse. The Nguyens also argued that Voecks received and read the email and knew or should have known of Meacham's inability to attend due to her illness and of the trial court's lack of awareness of Meacham's husband's email and Meacham's inability to attend due to her illness. The Nguyens asserted that Voecks failed or refused to advise the trial court of its mistaken belief and instead allowed the trial court to dismiss the action based on the mistaken belief.

The Nguyens made similar arguments about the trial court's purported mistaken belief that Meacham's husband was the Nguyen's trial counsel and failed to appear at the pretrial conference and that Voecks knew about the trial court's mistaken belief but failed to advise the trial court of it and instead allowed the dismissal to go forward based on the mistaken belief.

Finally, the Nguyens argued that the trial court mistakenly believed that Meacham had not notified Voecks about her inability to attend and had not requested that the pretrial conference be rescheduled. The Nguyens argued that Voecks knew or should have known that the trial court was unaware of Meacham's email to Voecks in which Meacham explained that she was ill and would not be able to attend and in which she requested Voecks to reschedule the pretrial conference. The Nguyens asserted that Voecks failed to advise the trial court of its mistaken belief regarding whether Meacham had notified Voecks and requested that the pretrial conference be rescheduled.

The Nguyens also sought clarification of the order of dismissal because it did not expressly state that it was "with prejudice." The

4

Nguyens acknowledged that the trial court was not required to consider the six factors described in *Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993),[2] and did not commit reversible error by dismissing the case without consideration of the factors unless "the practical effect of the [dismissal is] with prejudice."[3]  However, the Nguyens argued that where a dismissal has the effect of being with prejudice based on the expiration of the statute of limitations, a trial court must consider the *Kozel* factors.[4]  The Nguyens noted that negligence actions were subject to a four-year statute of limitations on the date of the accident, but they also noted that the statute of limitations for negligence actions had since been reduced to two years.  The Nguyens argued that whether "the practical effect of the [dismissal in this action is] with prejudice" depended on whether the two-year or four-year statute of limitations period applied. The Nguyens explained that if the reduced statute of limitations applied, a second negligence action would be barred and thus "the practical effect of the [dismissal] would be with prejudice" and the trial court committed reversible error by failing to consider the *Kozel* factors.  The Nguyens sought clarification as to the applicability of *Kozel* and whether the practical effect of the dismissal was with prejudice.

---

[2] *See Kozel*, 629 So. 2d at 818 (defining six factors a trial court must consider in deciding whether a dismissal with prejudice is appropriate).

[3] The Nguyens quoted *Federal National Mortgage Ass'n v. Linner*, 193 So. 3d 1010, 1013 n.5 (Fla. 2d DCA 2016) (citing *Portofino Professional Center. v. Prime Homes at Portofino*, 133 So. 3d 1112, 1113 (Fla. 3d DCA 2014)), for this proposition.

[4] The Nguyens again quoted *Linner* for this proposition.  *Linner*, 193 So. 3d at 1013 n.5 (citing *U.S. Bank Nat'l Ass'n v. Cowell*, 86 So. 3d 1214, 1215 (Fla. 3d DCA 2012)).

The trial court summarily denied the motion and, in so doing, concluded that "[n]o hearing on the Motion as written is required."

## ANALYSIS

### I.     Denial of motion for rehearing and clarification

On appeal, the Nguyens first contend that the trial court erred by denying their motion for rehearing and clarification brought pursuant to rule 1.530 because if, in fact, the two-year statute of limitations applied, the practical effect of the dismissal would be with prejudice and a second negligence action would be foreclosed by the running of the statute of limitations; the Nguyens assert that in that scenario, the trial court was required to consider the six *Kozel* factors and that its failure to do so would constitute reversible error.  However, we construe the Nguyens' request below to be in the nature of a request for an advisory opinion.  Our interpretation is based on the Nguyens' request for the trial court to clarify which statute of limitations period applied and to determine the applicability of *Kozel*.  While the Nguyens insist that they merely sought clarification as to whether the practical effect of the order of dismissal was with prejudice, they did not simply ask for the trial court to clarify whether the order was with prejudice or without.  Rather, they asked the trial court to opine on the applicable statute of limitations in order to determine whether the trial court was required to consider the *Kozel* factors.  This went beyond the scope of merely seeking clarification as to the nature of the order of dismissal.  "[T]rial courts have no authority to issue advisory opinions to parties." *McMullen v. Bennis*, 20 So. 3d 890, 892 (Fla. 3d DCA 2009).  Thus the trial court did not err in denying the portion of the motion seeking rehearing and clarification because the questions of which statute of limitations period applied and the applicability of *Kozel* were not actually before the trial court.

6

## II.   Denial of motion to vacate

The Nguyens next contend that the trial court erred in dismissing the case and in denying their alternative motion to vacate which was brought pursuant to rule 1.540(b).  They maintain that they presented competent, substantial evidence to justify vacating the order of dismissal and that the trial court's factual findings were not supported by the evidence.  The Nguyens assert that the record reflects that Meacham sent an email to Voecks notifying her that Meacham would be unable to attend the pretrial conference due to illness; the Nguyens also argue that Meacham specifically asked Voecks to reschedule the pretrial conference.  Additionally, the Nguyens point to Meacham's husband's email to Voecks and the trial court in which he notified them that due to Meacham's continued illness, she would be unable to attend the pretrial conference.

The Nguyens are not entitled to relief due to these unsworn and unverified assertions.  The Nguyens' underlying basis for the motion to vacate was that Meacham had been unable to attend the pretrial conference due to her illness, had notified both Voecks and the trial court of that fact, and had attempted to have Voecks reschedule the pretrial conference.

An assertion of illness is an assertion of excusable neglect.  *See, e.g., Castillo v. Valbonesi*, 418 So. 3d 736, 738 (Fla. 3d DCA 2025) (explaining that excusable neglect "includes where an illness interferes with an attorney's or party's ability to act in court"); *Richards v. Crowder*, 191 So. 3d 524, 525 (Fla. 4th DCA 2016) (recognizing that illness "can form the basis of a finding of excusable neglect").  A motion for relief from judgment alleging excusable neglect is legally insufficient if it is not supported by sworn evidence.  *See, e.g., United Cap. Funding Corp. v. Technamax, Inc.*, 946 So. 2d 63, 65 (Fla. 2d DCA 2006) ("The element of

7

excusable neglect must be proven by a sworn statement or affidavit."
(citing *DiSarrio v. Mills*, 711 So. 2d 1355, 1356 (Fla. 2d DCA 1998))); *Geer v. Jacobsen*, 880 So. 2d 717, 720 (Fla. 2d DCA 2004) ("Excusable neglect must be proven by sworn statements or affidavits. Unsworn assertions of excusable neglect are insufficient." (quoting *DiSarrio*, 711 So. 2d at 1356)). The Nguyens' motion was not sworn to or verified, and no affidavit accompanied it. Consequently, the Nguyens' motion was legally insufficient.

In their reply brief, the Nguyens argue that in their motion, they never used the phrase "excusable neglect" or even the words "excusable" or "neglect" by themselves. Instead, they point out that they argued that the trial court's factual findings were not supported by competent, substantial evidence. In the motion below, they argued that the findings were based on the *trial court's mistaken beliefs* about Meacham's failure to appear without notifying Voecks and without requesting that the pretrial conference be rescheduled. However, to support their argument that the trial court made mistakes in its factual findings, the Nguyens pointed to Meacham's illness as the reason for why she failed to appear at the pretrial conference. In other words, the Nguyens sought to have the dismissal set aside based on excusable neglect. We are not convinced by the Nguyens' attempt to frame their argument as otherwise.[5]

_____

[5] The Nguyens asserted in their motion that it appeared that the trial court may have been unaware of both Meacham's email to Voecks and Meacham's husband's email to Voecks and the trial court. If, in fact, the trial court was unaware of the emails, its decision was based on the factual information that appeared to be true at the time. While we have concluded that the Nguyens' motion to vacate was legally insufficient for the reasons we already explained, it is understandable why the Nguyens would be frustrated about the trial court's possible lack of awareness of

8

The Nguyens next contend, without factual support, that the trial court found Meacham's husband to be the Nguyens' trial counsel and that Meacham's husband failed or refused to appear at the pretrial conference in violation of the trial court's prior order.  Nothing in the trial court's order of dismissal reflects that it made any finding related to Meacham's husband.  The fact that Voecks purportedly emailed Meacham on the day of the pretrial conference and stated that the trial court "is waiting on one of you to appear" does not mean that the trial court considered Meacham's husband to be acting as the Nguyens' trial counsel.  That statement could simply be attributed to Voecks' misunderstanding as to Meacham's husband's status.  But it is not attributable to the trial court, and nothing in the record suggests otherwise.  If the Nguyens believe that a transcript from the pretrial conference establishes that the trial court made such a finding, it was their responsibility to provide such a transcript.  *See S.E. Bank, N.A. v. David A. Steves, P.A.*, 552 So. 2d 292, 293 (Fla. 2d DCA 1989) (explaining that on appeal, the decision of a trial court is presumed correct and the burden is on the appellant to demonstrate error).  They did not.  And even after Williams pointed out that the trial court never made such a finding, the Nguyens did not move to supplement the record on appeal with a transcript from the pretrial conference to refute Williams' contention.  Consequently, they waived their right to do so.

Finally, the Nguyens assert that they were not afforded due process because the trial court failed to conduct an evidentiary hearing on their motion.  They assert that the motion set forth a colorable entitlement to relief.  However, as already explained herein, the Nguyens' motion was

---

the emails and that the trial court was not alerted at the hearing that the facts were not what the trial court believed them to be.

legally insufficient, and therefore, no evidentiary hearing was required. *See Cottrell v. Taylor, Bean & Whitaker Mortg. Corp.*, 198 So. 3d 688, 691 (Fla. 2d DCA 2016) (explaining that where a rule 1.540(b) motion "do[es] not give rise to a right to relief, an evidentiary hearing . . . is not required and the trial court's jurisdiction is limited to the entry of an order denying the motion"); *cf. Acosta v. Deutsche Bank Nat'l Tr. Co.*, 88 So. 3d 415, 417 (Fla. 4th DCA 2012) (concluding that appellant presented a colorable entitlement to relief warranting an evidentiary hearing where the motion was verified, sworn to, and signed by both the attorney and the paralegal that made a clerical error).[6]

Though we are legally required to affirm the order of dismissal and order denying the Nguyens' motion for rehearing or, in the alternative, motion to vacate and motion for clarification, we do so while also issuing words of caution.

## III. Principles of candor, civility, collegiality, and professionalism

We note that Williams has not disputed that Voecks received the email from Meacham informing Voecks that Meacham was ill and would be unable to attend the pretrial conference and requesting that Voecks reschedule the pretrial conference. Williams has also not disputed that Meacham's husband emailed both Voecks and the trial court informing them that due to Meacham's continued illness, she was unable to attend

---

[6] We note too that the Nguyens never requested an evidentiary hearing. Thus they should not be heard to complain on that basis in this appeal. *Compare Jones v. Bank of Am., N.A.*, 401 So. 3d 334, 335 (Fla. 4th DCA 2024) (concluding that appellant failed to preserve issue of trial court's failure to conduct evidentiary hearing where appellant never requested an evidentiary hearing or objected to the lack of one), *with United Auto. Ins. v. Pro. Med. Grp.*, 318 So. 3d 1261, 1263 (Fla. 3d DCA 2021) (explaining that appellant preserved the issue of a right to an evidentiary hearing where it requested such a hearing).

the pretrial conference. Furthermore, the attachments to the Nguyens' motion reflect that the aforementioned emails were sent to Voecks and the trial court, and Williams does not contend that they were fabricated or otherwise challenge their veracity. The attachments also reflect that on the day of the pretrial conference, Voecks emailed *both* Meacham and Meacham's husband, notifying them that "[t]he judge is waiting on one of you to appear." This indicates then that Voecks received and read Meacham's husband's email about Meacham's inability to attend the pretrial conference. Yet there is nothing in our record indicating that Voecks informed or reminded the trial court about Meacham's illness and inability to attend the pretrial conference. Nor is there anything indicating that Voecks informed the trial court that Meacham had requested for the pretrial conference to be rescheduled. We construe this failure to so advise the trial court to be in the nature of a "gotcha" litigation tactic.

It is not unusual for attorneys to accommodate opposing counsel, as a matter of course, when opposing counsel is dealing with personal struggles such as an illness. Such accommodations are based on the principles of civility, collegiality, and professionalism—principles that every attorney should strive to promote and exemplify in their practice of law. Voecks' failure to advise or remind the trial court about Meacham's illness and inability to attend the pretrial conference and Voecks' failure to advise the trial court that Meacham had requested for the pretrial conference to be rescheduled is contrary to these principles. This is especially so where Voecks knew that pursuant to the order setting the pretrial conference, the failure of counsel to attend could result in a dismissal of the case. Our opinion should serve as a reminder that

11

courts do not look favorably on attorneys who engage in "gotcha" litigation tactics.

The Nguyens' motion suggests that the trial court may have been unaware of Meacham's and her husband's emails and thus unaware of Meacham's illness and inability to attend and of her request to have the pretrial conference rescheduled. Even if true, however, the trial court still had the option to reopen the proceedings and to receive testimony once it received the Nguyens' motion. *See* Fla. R. Civ. P. 1.530(a). While an evidentiary hearing may not have been required, trial courts retain discretion under rule 1.530 to consider whether a limited reopening is warranted to address a potential factual misunderstanding reflected in a posthearing motion and its attachments. We express no view on what the trial court knew at the time of the pretrial conference or what it should have done had it been aware of the emails, but we encourage all members of the bar—whether it be a judge or attorneys appearing before a judge—to always be mindful of the principles inherent in the practice of law including civility, collegiality, and professionalism.[7]

Affirmed.

KHOUZAM and LABRIT, JJ. Concur

———————————————

Opinion subject to revision prior to official publication.

---

[7] While we do not assume that the trial court was aware of the emails, the circumstances described in the motion and attached emails illustrate why prompt, candid communication matters and why courts and counsel should strive to avoid the appearance of unfair surprise and gamesmanship.